## Ex parte, Samuel Thompson.

The 18th section of the Internal Improvement act of 1855, in exempting the employes of certain railroads from the duty of working on public roads, gave an immunity to such employes, but such immunity was not in the nature of an irrevocable contract with the roads or the laborers. The repeal of the immunity and imposing the duty was within the discretion of the Legislature.

The facts of the case are stated in the opinion.

*John A. Henderson* for Petitioner.

*The Attorney-General* for the State.

THE CHIEF-JUSTICE delivered the opinion of the court.

Samuel Thompson was arrested and fined before a Justice's court for refusing to work on the public roads. Being confined by the sheriff under the sentence of the court he applied for a discharge on the ground that he was an employe of the Florida Central and Western Railway Co., the successor to the Fla., A. and G. C. Railroad Co., and is

exempt from duty on the public roads under the provisions of the Internal Improvement Act of 1855, the first named company having accepted the provisions of that act and being entitled to its privileges.

Waiving the question whether the status of the petitioner as such employe was properly presented before the court, we consider the question presented by the petition.

The 18th section of the act referred to provides " that all the officers of the companies, the servants and persons in the actual employment of the companies be and are hereby exempt from performing militia duty, working on roads and serving as jurors."

In 1877 the Legislature enacted that " all able bodied males over the age of eighteen and under the age of forty-five, residents of any county in this State twenty days, shall be liable and subject to work on the public roads and highways in such counties." Ministers of the Gospel only are exempted. Ch. 3026, act of 1877. This is a re-enactment of sec. 13, ch. 2077, acts of 1874, which act repealed all laws conflicting with it.

The 18th section of the act of 1855, so far as it exempts certain employes from highway duty, was an exemption extended to the employe. It was no immunity to the railroad companies or their property. The law exempted certain persons from a certain duty. This law is repealed and the persons are made liable to the duty. We perceive no violation of organic law in the repeal.

Again, the original railroad company has ceased to exist and the road has passed to other hands. The road in the hands of the company that constructed it was exempted from taxation for a term of years.

In the case of the L. and N. R. R. Co. vs. Palmes, 109 U. S., 244, the Supreme Court declares exemption from taxation to be not assignable ; following Morgan vs. Louisiana,

93 U. S., 217, and affirming Palmes vs. R. R. Co., 19 Fla., 231. The principle may be applied here.

There is nothing in the exemption of persons from road or jury duty which savors of contract. There may be good reasons why persons operating railroads should not be subjected to duties which may interrupt the operation of the railroad. The Legislature has provided that actual labor on public roads may be excused on payment of a commutation in money. But beyond this they subject all persons supposed to be able to labor to road duty, and the Legislature having thus expressed its will we cannot question the expediency of its action.

The petitioner is remanded and the writ dismissed.